Marston, *Adm'r, Ap't, v.* Marston & a.

The gift of a promissory note by the payee to the maker, perfected by delivery, is not rendered invalid by a subsequent arrangement whereby the note is restored to the custody of the donor with a right to collect thereon such amount as the donor may need for her support in case she should become poor.

Appeal, from a *pro forma* decree of the judge of probate, charging the appellant with the amount of two notes signed by Orissa J. Pillsbury, two notes signed by L. D. Kelly, and one note signed by Anson R. Marston, all payable to his intestate, Mercy Marston. Facts found by a referee.

In November, 1878, Mrs. Mercy Marston, with her son Anson, and her daughter Mrs. Pillsbury, called upon Samuel Herbert, Esq., attorney-at-law, and Mrs. Marston asked Mr. Herbert if she could give her property to a part of her children, and not to all. Upon being informed that she could, she said she wanted to give her son Anson, and her daughters Mrs. Pillsbury and Mrs. Kelly, notes that she held against them. She then took the notes here in question out of her satchel, and gave them to Mr. Herbert to give to the children. Mr. Herbert, by her request, handed Anson his note and Mrs. Pillsbury her notes. They took the notes and put them in their satchels or wallets. Mrs. Marston at the same time delivered to Mr. Herbert two notes signed by L. D. Kelly, the husband of her daughter Melissa, saying that she regarded them just the same as if signed by Mrs. Kelly, and that Mr. Herbert

might keep those notes to Mrs. Kelly's order, delivering them to Mrs. Kelly when she called for them.

The foregoing transaction was intended by the donor, and understood by the donees, to be a complete delivery of the notes, operating as an absolute extinguishment of all claim against the signers. There was no reservation or condition annexed to the delivery.

Further talk occurred, and it was finally arranged that the notes should all be handed back to Mrs. Marston to be retained by her, and she signed and left in the hands of Mr. Herbert a writing, not under seal, in substance as follows:

"For a valid consideration, I hereby give to my son, A. R. Marston, a note I hold against him [describing it]. I also give to Mrs. Orissa Pillsbury two notes I hold against her [describing them]. I also give to Mrs. Melissa Kelly two notes signed by her husband, L. D. Kelly [describing them]. These notes are all given up into their hands and possession as their own property, I having no right whatever to them, to collect them, or to assign them, or give them away to anybody.

"Excepting hereby after the notes are given up to each of them, by consent of said children I take the notes back as their property, to hold upon the condition that if I shall spend all the rest of my property and become poor and in want I shall have the right to draw upon each of my said children *pro rata* for such amount as I shall actually need for my support."

Mrs. Marston died in July, 1881, at the house of Mrs. Kelly. Shortly after, Mrs. Kelly, Mrs. Pillsbury, and Anson came together to Mr. Herbert's. Mrs. Kelly said that she had those notes that were given to the parties, and brought them down to be distributed. Mrs. Kelly then gave the notes to Mr. Herbert, and he gave them to the respective parties, Mrs. Kelly making no objection.

Mrs. Kelly, who is one of the appellees, has never returned to the administrator the two notes signed by L. D. Kelly. She alleges that she was divorced from L. D. Kelly four or five years ago, that the notes are worthless, and that she cannot find them.

So far as it is a question of fact, the referee finds that the redelivery of the notes to Mrs. Marston was not intended or understood by the parties as revesting in Mrs. Marston the title to the notes, or the right to enforce the notes, except in the contingency of her needing support and the children refusing to furnish it. Upon the happening of such a state of things, Mrs. Marston was to be at liberty to treat the notes as hers, and to enforce them so far as necessary for her support. She had a right to retain the notes in her possession during life, but with the understanding that she should use them only in the contingency above specified. She never lacked for support, and never attempted to collect anything on the notes.

*Aldrich & Remich*, for the appellant.

*Drew & Jordan* and *R. Farnham*, for the appellees.

SMITH, J.   In November, 1878, Mrs. Marston made known her desire and purpose to give to her son the plaintiff, and to her daughter Mrs. Pillsbury, the promissory notes which she held against them.   That purpose she understandingly carried into effect by the transfer to them of the possession of the notes, without condition or reservation.   The transaction was intended by her and understood by them to be a complete delivery of the notes, operating as an absolute extinguishment of all claim against them as signers of the notes.   None of the elements to constitute a valid gift *inter vivos* were wanting.   The gift was by a person competent to give, of property she had a right to give, to persons competent to receive, and was completed by an absolute and unconditional transfer of the possession of the thing given.   The gift having been perfected by delivery and acceptance, became an executed contract, founded in mutual consent, irrevocable by the donor, and the notes became the absolute property of the donees. Creditors only could interfere, but there is no suggestion that there were any.

The redelivery of the notes to Mrs. Marston subsequently on the same day was not a revocation of the gift, for it is found as a fact, and the paper drawn up by Mr. Herbert and signed by her shows, that the parties did not understand that the gift was revoked, and did not intend to revest the title to the notes in her, except in the contingency which has never happened.   Nor was the redelivery a gift *inter vivos* from the children to their mother; the facts show that was not what the parties intended; and besides, a gift of the donor's promissory note may be avoided.   If the reissue of the notes was intended as security for their agreement to support their mother, the answer is, there was no valuable consideration for the agreement.   3 Pars. Cont. 362.

It is unnecessary to inquire what the effect was of the delivery to Herbert of the Kelly notes, for the administrator cannot be charged for them if they were worthless, as alleged by Mrs. Kelly, one of the defendants.   If this is not assented to by Marston, the other defendant, the report can be recommitted for a hearing on that question.   If it shall appear that the notes are not worthless, then the question whether the plaintiff should be charged for their amount will arise; and on that question we express no opinion.

Mrs. Kelly's motion to dismiss, understood as a motion to become defaulted, is granted as of the term when the motion was made.

Unless the defendant Marston desires a further hearing, the order will be

*Decree of probate court reversed.*

ALLEN and BINGHAM, JJ., did not sit: the others concurred.